February 9, 2024

**Supreme Court**

No. 2022-265-Appeal.
(W 19-2200M)

Kelly K. Fitzgerald            :

v.            :

James W.A. Jackson.            :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Kelly K. Fitzgerald            :

v.                             :

James W.A. Jackson.            :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  This case concerns a child-custody dispute between the plaintiff, Kelly K. Fitzgerald, and the defendant, James W.A. Jackson, who is not represented by legal counsel before this Court.  The defendant appeals from an order declaring that the Rhode Island Family Court has jurisdiction over the matter.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.[1]  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we affirm the order of the Family Court.

---

[1] Because defendant resides in Australia, oral arguments in this appeal were conducted remotely through WebEx.

# I

## Facts and Travel

We note at the outset that plaintiff is a United States citizen and defendant is a citizen of Australia; the two minor children at the core of the custody dispute appear to have dual citizenship of the United States and Australia. The children have lived in Rhode Island with plaintiff since 2015. The parties were never married.

On April 26, 2019, plaintiff filed a miscellaneous petition for sole custody and other relief. Therein, she requested that the Family Court (1) award her sole custody and physical possession of her and defendant's children; (2) award defendant reasonable rights of visitation within the United States; (3) order defendant to pay child support; (4) order defendant to maintain medical insurance coverage for the benefit of both children; (5) order defendant to pay half of all uncovered medical, dental, and optical expenses of the children; (6) order defendant to pay half of any activity expenses incurred by the children; (7) deem Rhode Island to be the home state of the minor children pursuant to the Uniform Child Custody Jurisdiction Act;[2] and (8) award plaintiff attorneys' fees, court costs, and lost wages.

---

[2] We note that the Uniform Child Custody Jurisdiction Act (UCCJA) has been repealed. Prior to the adoption of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 2003, "the UCCJA was the statutory vehicle for avoiding jurisdictional competition and conflict with other state courts in matters of child custody." *Beauregard v. White*, 972 A.2d 619, 626 (R.I. 2009) (citing *Glynn v. Meslin*, 532 A.2d 554, 555 (R.I. 1987)).

The defendant filed an answer, requesting that plaintiff's complaint be denied and dismissed and asserting three affirmative defenses: lack of subject-matter jurisdiction; lack of personal jurisdiction; and improper venue. In his answer, defendant argued that the parties had a pending action in the Family Court of Australia. The defendant indicated that he entered an appearance specifically for the purpose of contesting jurisdiction. The defendant thereafter filed a memorandum of law in support of his argument that the Family Court lacked subject-matter jurisdiction over the matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), G.L. 1956 chapter 14.1 of title 15.

On March 26, 2020, a Family Court justice emailed counsel for both parties urging them to collaborate in an effort to move the case to resolution; she also scheduled a pretrial conference via telephone. After a June 4, 2020 pretrial hearing, the justice entered an order setting up a video-conferencing schedule for defendant with the children three times per week and allowing him to telephone the children at any time. Soon thereafter, defendant filed a motion seeking joint custody of the children and an order allowing him to return to Australia with the children. The record reflects that the matter was referred to mediation and partially settled.

Another video-conferencing visitation order was issued by a second Family Court justice in March 2021. In addition, defendant was ordered to pay child support of $168 per week, retroactive to June 4, 2020, and plaintiff was ordered to obtain

passports from Australia and the United States for the children. That order was prepared by defendant.

The defendant filed several motions over the next few months, including a motion to adjudge plaintiff in contempt for failure to obtain passports for the children, a motion requesting in-person visits with the children in Australia, and another contempt motion for plaintiff's failure to cooperate with video-conferencing visits. Those motions appear to have been heard; however, we were not provided with a transcript of those hearings. On September 28, 2021, the hearing justice granted counsel's motion to withdraw his appearance on behalf of defendant; defendant thereafter proceeded *pro se*.

The defendant then filed additional material with the Family Court over the next several months, including: (1) a motion to compel an evidentiary hearing and a finding of jurisdiction; (2) a "Notice to Court" containing allegations of *ex parte* communications between the hearing justice and plaintiff's attorney and inappropriate behavior by the hearing justice; (3) an objection to temporary orders regarding the children's placement; and (4) a "Notice to Court" alleging that the child support orders entered in January 2021 were void *ab initio* for lack of a jurisdictional finding.

At a December hearing, the second hearing justice indicated that, among the motions and statements that had been filed, defendant was challenging the Family

Court's jurisdiction. The hearing justice then scheduled an evidentiary hearing on that issue. Counsel for plaintiff asked defendant whether "he receives the electronic filings" from the court's electronic portal and he indicated that he did. The hearing justice invited the parties to file supplemental material or memoranda prior to the hearing. She also asked defendant to advise the court of proceedings taking place in any other jurisdiction. The defendant indicated that the case in Australia had been dismissed.

A third Family Court justice continued the matter for further hearing. The defendant filed a "Notice to Court," explaining his view of various events, a motion to dismiss for lack of jurisdiction, along with an accompanying memorandum and affidavit, and a "Notice to Court" complaining of, among other things, delays and the Family Court's failure to rule on the issue of jurisdiction. Documents from the Family Court of Australia were filed, indicating that the Australian court concluded that it may not "exercise jurisdiction over matters relating to the parenting" of the parties' children.

At a hearing on April 28, 2022, the third hearing justice indicated that she would only be "ruling today on the jurisdiction." She took judicial notice of the decision rendered by the Family Court of Australia, noting that there was no appeal from that order, which was entered in April 2020. Reviewing the decision, the hearing justice determined that:

> "The Court in Australia dismissed the case. They also dismissed the February 3, 2020 application and, 'all outstanding applications are dismissed and all future hearing dates are vacated.' It states, '[t]he Family Court of Australia may not, by virtue of the operation of the Family Law Act of 1975, determine issues relating to parenting of the subject children.'"

Indeed, after making findings of fact, the Australian court concluded that "the Family Court of Australia may not exercise jurisdiction over matters relating to the parenting of these children. * * * Therefore, the father's application in relation to parenting will be dismissed." Accordingly, the third hearing justice determined that "there is no jurisdiction for Australia to hear the case. They declined. They reviewed it. They made a ten page -- the judge issued a ten-page order and findings in this matter that Rhode Island has jurisdiction." She therefore stated:

> "I accept the findings of the Australian court, and I accept that Rhode Island has jurisdiction because [plaintiff is] a resident of Rhode Island; the children have been in Rhode Island for seven years, and there does not appear to be any other states involved with this family or these children."

After the hearing justice pronounced her decision, defendant requested to have his evidence heard as to jurisdiction, indicating that he was "given an evidentiary hearing date." The hearing justice replied "[o]h, no, you will have an evidentiary hearing on the issue regarding your visitation or contact with the children."

At a hearing on June 20, 2022, defendant continued to contest the issue of jurisdiction. The hearing justice indicated that defendant could appeal the order

resolving the issue of jurisdiction after it entered. She further stated: "I'm not making any other decisions when the issue of jurisdiction is still being raised by the Defendant."

The defendant filed an emergency motion on June 27, 2022, seeking a summer parenting schedule. He claimed that he attempted to resolve the issue with plaintiff, but that she refused to cooperate. The plaintiff objected to the motion, claiming that defendant was aware of the children's schedules and that there was no emergency. The hearing justice denied the motion. She noted that defendant was still contesting jurisdiction, that no order had yet entered, and that the appeal period had not yet started. She concluded that she would "not hear any motion until [the] jurisdiction issue is resolved or consented to by the Defendant."

An order was entered on July 25, 2022, giving full faith and credit to the decision of the Australian court and also finding that the children had lived in Rhode Island for seven years, and holding that the Family Court has jurisdiction to hear the case. The order required that the children remain with their mother in Rhode Island until further order of the court and that previous support orders would remain in effect. In addition, it charged that "matters regarding visitation or placement issues shall be continued for an evidentiary hearing in person." The court appended a copy of the Australian court's decision to its order. The defendant filed a timely notice of appeal from the order.

## II

## Standard of Review

This Court reviews "*de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Sidell v. Sidell*, 18 A.3d 499, 504 (R.I. 2011) (quoting *Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009)). The Court also reviews questions of statutory interpretation *de novo*. *Id.* "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)).

Additionally, "we review a challenge to personal jurisdiction *de novo*." *Martins v. Bridgestone Americas Tire Operations, LLC*, 266 A.3d 753, 757 (R.I. 2022).

## III

## Discussion

The defendant raises numerous issues in support of his appeal. At the core, defendant submits that the Family Court acted without subject-matter and personal jurisdiction.

We address first the issue of subject-matter jurisdiction. The defendant submits multiple arguments in connection with his subject-matter jurisdiction challenge. Specifically, he submits that the court erred (1) in not ruling on

jurisdiction immediately, pursuant to G.L. 1956 § 15-14.1-18, before proceeding in the matter because there was a "simultaneous proceeding" occurring in Australia; (2) in not declining jurisdiction by reason of conduct, pursuant to § 15-14.1-20;[3] (3) in canceling and not holding any evidentiary hearings with regard to jurisdiction, pursuant to the United States Constitution; (4) in determining that the Family Court of Australia found that the United States had jurisdiction over the matter because it actually dismissed the case due to simultaneous proceedings; and, finally, (5) in giving "full faith and credit" to the orders of the Family Court that predate July 25, 2022, because the court did not have jurisdiction.

---

[3] General Laws 1956 § 15-14.1-20 states:

> "(a) Except as otherwise provided, if a court of this state has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless:
>
> > "(1) The parents and all persons acting as parents have acquiesced in the exercise of jurisdiction;
> >
> > "(2) A court of the state otherwise having jurisdiction determined that this state is a more appropriate forum; or
> >
> > "(3) No court of any other state would have jurisdiction under the criteria specified in this chapter."

"The authority of the Family Court over child-custody disputes is a question of subject-matter jurisdiction." *Beauregard v. White*, 972 A.2d 619, 626 (R.I. 2009). "In Rhode Island, subject-matter jurisdiction of child-custody disputes is now set forth in the UCCJEA, which provides rules for determining the proper forum in child-custody proceedings that involve jurisdictional conflicts." *Id.*

Section 15-14.1-13(a) of the UCCJEA provides that a Rhode Island court has jurisdiction to make an initial child-custody determination only if:

> "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> "(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum and:
>
> > "(i) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> >
> > "(ii) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
>
> "(3) All courts having jurisdiction under subdivision (1) or (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child; or

"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3) of this subsection."

The statute further provides that the above section is the "exclusive jurisdictional basis for making a child custody determination by a court of this state." Section 15-14.1-13(b). In addition, "[p]hysical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination." Section 15-14.1-13(c).

The UCCJEA requires that Rhode Island courts "treat a foreign country as if it were a state of the United States for the purpose of applying this chapter." Section 15-14.1-5(a). Thus, "a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of [the UCCJEA] must be recognized and enforced" unless the child-custody law of the foreign country "violates fundamental principles of human rights." Section 15-14.1-5(b)-(c). There is no allegation before this Court or the Family Court that Australian child-custody law violates principles of human rights. Indeed, the hearing justice gave full faith and credit to the decision of the Australian court and observed that Australian laws seem "very similar" to that of the United States as to jurisdictional standards. We discern no error in this finding.

We therefore turn to application of § 15-14.1-13 of the UCCJEA, which requires that *one* of the four listed conditions be satisfied in order for Rhode Island

- 11 -

to make an initial child-custody determination.  It is clear to us that, although only one prong must be satisfied, several statutory factors support the exercise of jurisdiction in this case.

The first prong requires that "[t]his state is the home state of the child on the date of the commencement of the proceeding * * *." Section 15-14.1-13(a)(1).  This condition is certainly satisfied because the hearing justice and the Australian court found that the children have been living in Rhode Island since 2015. *See id.* Furthermore, the Australian court determined that the children are "habitually resident in the USA."

The second, third, and fourth prongs implicate other possible fora; here, the only other forum that might be appropriate is Australia.  One of the children was born in Australia, both children resided there until 2015, and their father—defendant—is a resident and citizen of Australia.  As observed by the hearing justice, however, the Family Court of Australia declined to exercise jurisdiction over this child-custody dispute.  Indeed, in its decision, the Australian court determined that "[t]he issue of the place of the children's habitual residence is * * * paramount. The Court may not exercise jurisdiction if the children are not habitually resident in Australia."  The court went on to determine that "[t]he children are habitually resident in the USA" and that, under the law of Australia, "the Family Court of Australia may not exercise jurisdiction over matters relating to the parenting of these

- 12 -

children." The case was dismissed, and the record before us indicates that it was never appealed.

We next address defendant's argument that the Family Court "erred with years of delay and in not ruling on jurisdiction *immediately* before proceeding with anything else * * * when initially challenged in 2019, citing *§ 15-14.1-18*[] *Simultaneous proceedings*[] and given 2018 orders, in the ongoing Australian case * * *." Section 15-14.1-18 provides:

> "(a) Except as otherwise provided, a court of this state may not exercise its jurisdiction under this chapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum.
>
> "(b) Except as otherwise provided, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to this chapter. If the court determined that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding."

The defendant's argument pursuant to this section is moot. On April 27, 2022, the Family Court was provided with a copy of the Australian court's order and

corresponding decision declining to exercise jurisdiction and dismissing the case there on April 15, 2020. Both parties confirmed that there is no appeal pending in that matter.

Accordingly, we hold that the Rhode Island Family Court has subject-matter jurisdiction over the matter. The hearing justice did not err in her finding of the same.[4]

We next address defendant's argument as to personal jurisdiction. The defendant appears to argue that the Family Court did not have personal jurisdiction over him because he had no ties to Rhode Island "other than [that] his children were hidden" here. This argument is unavailing. As noted above, the Family Court's authority over child-custody cases is a matter of subject-matter jurisdiction. *Beauregard*, 972 A.2d at 626. "[A] state's power to decide a custody matter does not depend on its having personal jurisdiction over the parties, but rather depends on its ability to adjudicate matters concerning the status of its citizens through *quasi in rem* jurisdiction." *Henderson v. Henderson*, 818 A.2d 669, 675 (R.I. 2003).

---

[4] We note that defendant additionally argues that the Family Court should have declined subject-matter jurisdiction by reason of conduct, pursuant to § 15-14.1-20. This statutory provision, however, presumes that the Family Court has subject-matter jurisdiction in the first place. *See* § 15-14.1-20. It also requires a finding of "unjustifiable conduct," which in turn necessitates an evidentiary hearing. *See id.* As defendant has yet to be afforded such a hearing, he is not foreclosed from raising the argument on remand.

- 14 -

Furthermore, defendant waived the issue of personal jurisdiction and consented to jurisdiction in Rhode Island because he availed himself of the laws of Rhode Island by participating in mediation, filing a motion for joint custody, and submitting a DR-6 form prior to a hearing on child support. *See Ogden v. Rath*, 755 A.2d 795, 799 (R.I. 2000) (father conferred personal jurisdiction in Family Court by filing concurrent motion for legal custody of child); *Houtchens v. Houtchens*, 488 A.2d 726, 728 (R.I. 1985) (filing a motion for temporary support and custody conferred personal jurisdiction over mother on the Family Court despite the concurrent filing of a motion to dismiss on jurisdictional grounds pursuant to the UCCJA); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that the "personal jurisdiction requirement is a waivable right" and there are a variety of ways in which a party may give "express or implied consent to the personal jurisdiction of the court" (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982))).

We turn now to defendant's remaining arguments. The defendant submits that his Fourteenth Amendment rights were violated because the Family Court held secret remote hearings that were not open to the public "via the (DaCast) '*Public Judicial Live Steam*' [*sic*] * * *." The transcripts provided by defendant indicate that those hearings were conducted either remotely via WebEx and livestreamed or in Washington County Family Court with the parties present via WebEx; therefore,

the hearings were accessible to the public either in person or remotely. Indeed, at one of the hearings, defendant asked whether the hearing was taking place on the record because his "court watcher [was] not seeing anything." The hearing justice responded that they were "in open court," and "any member of the public can come and watch this matter," but that they were "not on the internet." There is no evidence in the record that a "secret proceeding[]" took place.

Next, defendant claims that the Family Court should not have issued orders regarding child support and custody without first making a jurisdictional finding. The defendant cites *Pukas v. Pukas*, 104 R.I. 542, 247 A.2d 427 (1968), in support of his argument that orders cannot be lawfully issued before the court has jurisdiction, and they cannot be made retroactive. Such reliance is misplaced because there was no jurisdictional issue raised or decided in that case. *See generally Pukas*, 104 R.I. 542, 247 A.2d 427. Additionally, the argument is unavailing because defendant himself filed a motion for custody, participated in mediation, and submitted a DR-6 form prior to a hearing on child support. It was not until after defendant's attorney withdrew that he raised the issue of jurisdiction again.

The defendant also argues that his rights were violated because he has been denied physical access to his children for the past three years. The case cited by defendant in support of this argument is inapplicable to the case before us. Furthermore, at the June 20, 2022 hearing, the hearing justice indicated that she

- 16 -

"would certainly permit visitation for [defendant]," but noted that there was no motion pending. She stated that there would need to be mediation and a hearing regarding dates, terms, and conditions of visitation; however, the only issue before her at that time was jurisdiction.

After the hearing, defendant filed an emergency motion for temporary orders, apparently seeking visitation with the children during the summer. The hearing justice denied this motion because defendant continued to assert that the Family Court had no jurisdiction in this matter. She indicated that she would not hear any motion until the question of jurisdiction was resolved.

We hold that the hearing justice erred in not ruling on the emergency motion because, at the time, no order had been entered divesting the Family Court of jurisdiction, and no appeal had been filed. It is well established that once an appeal has been docketed in this Court, the lower court no longer has jurisdiction. *See, e.g.*, *Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009). However, at the time of defendant's emergency motion, jurisdiction remained with the Family Court.

Finally, we address the defendant's claims that future evidentiary hearings should be held via WebEx rather than in person because he resides in Australia. The order at issue indicates that "the matters regarding visitation or placement issues shall be continued for an evidentiary hearing *in person*." (Emphasis added.) Perhaps it is somewhat redundant to say that a contested child-custody case is troubling,

particularly in a case exacerbated by the fact that the father resides half a world away from his children. The case before us has now been pending for over four years, yet no evidentiary hearing on the fundamental issues of custody and visitation has taken place. Such a hearing was scheduled but has not yet occurred. Now that this Court has determined that Rhode Island may properly exercise jurisdiction, however, we expect that the case will proceed as expeditiously as possible. We would, additionally, suggest that, where possible, reasonable accommodations be made for the noncitizen defendant in this global custody dispute.

## IV

### Conclusion

For the reasons set forth herein, we affirm the order of the Family Court. We remand the matter to the Family Court for further proceedings consistent with this opinion.

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Kelly K. Fitzgerald v. James W.A. Jackson. |
| **Case Number** | No. 2022-265-Appeal. (W 19-2200M) |
| **Date Opinion Filed** | February 9, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Laureen D'Ambra |
| **Attorney(s) on Appeal** | Felicia A. Manni-Paquette, Esq. |
| | James W.A. Jackson, *pro se* |